# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN CHRISTOPHER COVEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:18-cv-01121-JHE |
| COLONIAL PIPELINE COMPANY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff John Christopher Covey ("Covey" or "Plaintiff") initiated this action on July 20, 2018, against Defendants Colonial Pipeline Company ("Colonial Pipeline") and L.E. Bell Construction Company, Inc. ("L.E. Bell," and together with the Colonial Pipeline, the "Defendants"). (Doc. 1). On August 17, 2018, Colonial Pipeline moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). (Doc. 8). Covey responded in opposition, alternatively moving for leave to amend his complaint. (Doc. 15). Colonial Pipeline has filed a reply brief. (Doc. 23). The motion is fully briefed and ripe for review. For the reasons stated more fully below, Covey's motion for leave to amend is **GRANTED IN PART**, and Colonial Pipeline's motion to dismiss is **DENIED AS MOOT**.

### I. Standard of Review

Rule 12(b)(6), FED. R. CIV. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 27).

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To that end, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

As for the motion to amend, the court will "freely grant" a motion to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). The court's discretion in deciding whether to grant or deny a motion to amend, however, is not unlimited. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996) (citing *Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594 (5th Cir. 1981)). A district court should allow a plaintiff to amend unless there is a "substantial countervailing reason." *Id.* Such "substantial countervailing reasons"

include: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Id.* (citing *Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1550 (11th Cir. 1990)).

"The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *B.D. Stephenson Trucking LLC v. Riverbrooke Capital Partners, LLC,* No. 06-0343-WS-M, 2006 WL 2772673, at *6 (S.D. Ala. Sept. 26, 2006) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *see also Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996).

## II. Background[2]

On or about October 31, 2016, Covey was working for Superior Land Design, a third-party inspection firm hired by Colonial Pipeline. (Doc. 15-1 at ¶ 2). Covey, a citizen of Texas, had originally been hired as a certified welding inspector, but learned upon arrival in Alabama that Colonial Pipeline wanted him to observe a pipeline excavation at two different sites and report to Nikky Cobb ("Cobb"), the lead Colonial Pipeline supervisor. (Doc. 1 at ¶ 1; doc. 15-1 at ¶ 3). On October 31, 2016, Covey observed excavations at both sites: CR 91 (the "first dig") and River Road (the "second dig"). (*Id.*). Colonial Pipeline also employed L.E. Bell as a contractor to perform work on the pipeline. (Doc. 1 at ¶ 7).

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, these "facts" are taken directly from the amended complaint and the original complaint, which Plaintiff incorporates into the amended complaint, (*see* doc. 15-1 at ¶ 1).

Although Covey had asked Colonial Pipeline, Cobb, and other inspectors for copies of Colonial Pipeline's procedures for weeks prior to the job, he only received a copy of the procedures for excavating and operations from another Superior Land Design employee on the night of October 30, 2016. (Doc. 15-1 at ¶ 4). Colonial Pipeline also failed to provide line charts for either location; Covey had requested these from Cobb, but Cobb said he did not have line charts for any pipes east of the Mississippi River. (*Id.* at ¶ 4). Instead, Cobb told Covey that Colonial Pipeline's project manager had the line charts and Cobb was communicating with him via text message. (*Id.*).

Covey recommended two measures to Colonial Pipeline. First, he recommended that Colonial Pipeline use the hydrovac procedure to locate the pipelines. (*Id.* at ¶ 6). Cobb informed Covey that Colonial Pipeline did not want to use the procedure. (*Id.*). Second, Covey recommended that Colonial Pipeline employ a "butter bar," a plate placed over the teeth of an excavator bucket to prevent accidental penetration into the pipe. (*Id.* at ¶ 7). Cobb responded that the butter bar was not required. (*Id.*).

On October 31, 2016, Cobb directed LE Bell and Covey as to the manner and method of work on the first dig. (*Id.* at ¶ 8). Cobb left for lunch prior to work beginning on the second dig, but called Covey and informed him that it was okay for the second dig to commence without him. (*Id.*). During the second dig, a track hoe operated by an L.E. Bell employee or agent struck an attachment to the gas line, igniting gasoline and causing an explosion that seriously injured Covey. (Doc. 1 at ¶¶ 5, 13; doc. 15-1 at ¶ 10).

### III. Analysis

In its motion to dismiss, Colonial Pipeline contends Covey's complaint is a recitation of legal conclusions, devoid of facts. (Doc. 8 at 1-2). It reads Covey's complaint as asserting three claims against it: a negligence/wantonness claim, a premises liability claim, and a breach of

4

contract claim based on Covey's status as a third-party beneficiary. (*Id.* at 2). In addition to its argument all three claims are due to be dismissed for lack of factual support, (*id.* at 5-7), Colonial Pipeline argues Covey's breach of contract claims are foreclosed by the Master Services Agreement ("MSA") between it and L.E. Bell, (*id.* at 8-11).[3]

Instead of specifically responding to Colonial Pipeline's arguments, Covey asserts that "[i]t would be unseemly and impractical to dismiss the Count against Colonial when a simple amendment to the complaint will obviate any alleged or perceive defect of pleading." (Doc. 15 at 1). The attached proposed first amended complaint begins with a paragraph incorporating the original complaint's allegations in their entirety. (Doc. 15-1 at ¶ 1). The remainder of the proposed first amended complaint is a single count of negligence against Colonial Pipeline (denominated "Count II (Negligence/Colonial")", containing the factual allegations set out above. (*See id.* at ¶¶ 2-10).

It is understandable that Colonial Pipeline is confused by Covey's original complaint. Factually, the original complaint does not offer anything beyond the outline of the explosion's

---

[3] Colonial Pipeline attaches a copy of the MSA to its motion to dismiss. (Doc. 8-1). Ordinarily, a court may not consider evidence outside the pleadings on a 12(b)(6) motion without converting the motion to one for summary judgment. *See* FED. R. CIV. P. 12(d). Colonial Pipeline contends the court may nevertheless consider the MSA because it is "referenced in Plaintiff Covey's complaint, is central to Plaintiff Covey's claims, and its authenticity is undisputed." (Doc. 8 at 8, n.3 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). As discussed further below, Covey does not appear to assert the cause of action Colonial Pipeline relies on the MSA to oppose. Consequently, it is unnecessary to reach the issue of whether the MSA may be considered without converting the motion to dismiss to a motion for summary judgment — there is no need to consider the evidence at all. *See Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them—there is no more formal step required.").

5

background.  Organizationally, the original complaint does not separate out its causes of action in individual counts.  It is impossible to divine from the original complaint what claims Covey asserts against Colonial Pipeline, and it is not unreasonable that Colonial Pipeline assumed Covey asserted the claims it identifies.  The proposed first amended complaint clears this up somewhat, although leaving some additional issues (discussed below).  According to the proposed first amended complaint, Covey only intends to assert a negligence count against Colonial Pipeline, proceeding under the theories that Colonial Pipeline negligently failed to warn Covey of hazardous conditions and negligently failed to keep the area safe for Covey. (Doc. 15-1 at ¶ 10).[4]  To the extent Colonial Pipeline argues against Covey's third-party beneficiary theory, it appears Covey does not actually intend to assert it.  Therefore, whatever the merits of Colonial Pipeline's arguments for the dismissal of Covey's breach of contract count, they appear to be moot.

Colonial Pipeline contends the motion to amend should be denied as futile; the proposed amended complaint would still be subject to dismissal because (1) it simply incorporates the allegations in the original complaint and (2) its additional "wandering" allegations are "not tied to, nor supportive of, any legal claim asserted against Colonial [Pipeline]."  (Doc. 23).  The second of these arguments is meritless.  Colonial Pipeline only takes specific issue with Covey's allegation

---

[4] Addressing the original complaint, Colonial Pipeline argues "it is well-established that a premises owner owes no duty of care to the employees of an independent contractor." (Doc. 8 at 9).  In support, it cites *Bacon v. Dixie Bronze Co., Inc.*, 475 So. 2d 1177 (Ala. 1985).  But Colonial Pipeline misstates the law as set out in that case: "The owner of premise is not responsible to an independent contractor for injuries from defects or dangers which the contractor knows of, or ought to know. **But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for result of injury** . . . ." *Id.* at 1180 (quoting *Chrysler Corporation v. Wells*, 358 So. 2d 426 (Ala. 1978)) (emphasis added).  Covey's theory of liability is consistent with this rule and does not appear to be subject to dismissal on this basis.

that "[a]s a proximate cause of their breach of duty in refusing to supply L.E. Bell and Plaintiff with the maps and line drawings showing the area to be excavated, an explosion ensued when a track hoe struck an attachment to the gas line, resulting in severe injuries to the Plaintiff," (doc. 15-1 at ¶ 10), contending it is conclusory and lacks any detail about how the failure to supply maps and line drawings caused Covey's injury. (Doc. 23 at 5-6). Although it does contain a legal conclusion, this allegation is not conclusory read in combination with Covey's original complaint's allegation that the track hoe's contact with the gas line "ignit[ed] gasoline and caus[ed] a massive explosion." (Doc. 1 at ¶ 5). As for the lack of detail about how Colonial Pipeline's conduct actually caused the pipeline strike, the reasonable inference from Covey's allegations is that, in the absence of maps and line drawings, the track hoe's operator hit the attachment to the gas line because he or she was unaware of its location.

Colonial Pipeline's first argument does not directly support dismissal of Covey's complaint; read together, the amended complaint and the original complaint contain sufficient factual material to support the cause of action for negligence in the amended complaint. However, there are several problems with permitting the amended complaint as proposed by Covey. First, allowing Covey to simply incorporate all of the allegations in the original complaint into a single paragraph would make it difficult for Colonial Pipeline to respond. Second, by asserting a "second count" against Colonial Pipeline, Covey implies a first count (presumably against L.E. Bell). However, the substance of the first count is not reflected anywhere in the original complaint or the proposed amended complaint. Finally, although it is not problematic that a complaint contains extraneous factual allegations, the fact remains that Covey's original complaint confusingly appears to assert causes of action against Colonial Pipeline that Covey apparently does not intend to assert. Therefore, while the undersigned will grant the motion for leave to amend and deny the

motion to dismiss as moot, Covey's amended complaint must conform to the requirements laid out in this memorandum opinion.

## IV. Conclusion

For the reasons stated above, Covey's motion for leave to amend is **GRANTED IN PART** to the extent that he may file an amended complaint, consistent with this memorandum opinion, by **January 24, 2019**. The amended complaint shall (1) be self-contained, without any reference to Covey's original complaint; (2) separately set out each count Covey asserts against each defendant; and (3) omit any paragraphs that imply causes of action Covey does not intend to assert.

DONE this 10th day of January, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE